**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **REBECCA BELL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **CIVIL ACTION NO. 1:24-00422-JB-M** |
| | ) |
| **HOBBY LOBBY STORES, INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**<u>ORDER</u>**

This action is before the Court on Defendants, Hobby Lobby Stores, Inc. and Alex Mendoza's Motion for Summary Judgment (Doc. 50) and Motion to Exclude Plaintiff's Expert, Dr. Ian Noy ("Noy") (Doc. 51).  The parties fully briefed the Motions.  (Docs. 50-1. 51-1. 53, 54, and 55).  The Court conducted a hearing at which all parties appeared and argued.  Upon careful consideration of all relevant filings and the arguments of counsel, the Court concludes the Motion for Summary Judgment and Motion to Exclude Noy are due to be GRANTED.

**I.       BACKGROUND**

This is a premises liability action.  Plaintiff alleges she fell while an invitee at the Hobby Lobby store in Daphne, Alabama.  She filed suit against Hobby Lobby Stores, Inc. and Mendoza (manager of the Daphne Hobby Lobby store) in the Circuit Court of Baldwin County, Alabama, asserting causes of action for negligence, wantonness, and negligent/wanton hiring, training, supervision or retention.  (Doc. 1-2).  Defendants removed the action to this Court based on diversity jurisdiction, 28 U.S.C. § 1332.  (Doc. 1).  The Court concludes the parties are completely

diverse and the amount in controversy exceeds $75,000.00.  The Court has subject-matter jurisdiction of this action.

Viewed in the light most favorable to Plaintiff, the facts material to Defendants' Motion for Summary are few and undisputed.  Plaintiff stepped on an uneven tile while shopping inside the Hobby Lobby store in Daphne, Alabama.  She argues the uneven floor tile caused her to fall.  Plaintiff did not trip or slip.  Rather, Plaintiff alleges she stepped "half [on] good tile, half on bad tile," causing her foot to roll.  The depression in the subject tile was not greater than 1/4".

## II.    ANALYSIS

Defendants argue Plaintiff cannot produce sufficient evidence that the subject tile constituted an "unreasonably dangerous condition."

### A.  STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

The substance of the movant's initial responsibility, though, depends on whether it or the *nonmoving* bears the relevant burden of proof at trial:

> When the *nonmoving* party has the burden of proof at trial, the moving party is not required to "support its motion with affidavits or other similar material

*negating* the opponent's claim," *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553, in order to discharge this "initial responsibility." Instead, the moving party simply may "'show[]' -- that is, point[] out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Id.* at 324, 106 S. Ct. at 2554. Alternatively, the moving party may support its motion for summary judgment with affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial. *Id.* at 331, 106 S. Ct. at 2557 (Brennan, J., dissenting). If the moving party shows the absence of a triable issue of fact by either method, the burden on summary judgment shifts to the nonmoving party, who must show that a genuine issue remains for trial. Fed.R.Civ.P. 56(e); *Chanel, Inc. v. Italian Activewear, Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991). If the nonmoving party fails to "make a sufficient showing on an essential element of her case with respect to which she has the burden of proof," *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2552, the moving party is entitled to summary judgment.

When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it "must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial." *Id.* at 331, 106 S. Ct. at 2557 (Brennan, J., dissenting); *see also Chanel, Inc.*, 931 F.2d at 1477. In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party. *See id.* at 1477. If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the nonmoving party, in response, "comes forward with significant, probative evidence demonstrating the existence of a triable issue of fact." *Id.*; *see also* Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 331, 106 S. Ct. at 2557 (Brennan, J., dissenting).

*United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 – 1438 (11th Cir. 1991) (emphasis in original). *See also, Willis v. Royal Caribbean Cruises, LTD,* 77 F.4th 1332, n.7 (11th Cir. 2023) (finding the *moving* party-defendant met its initial burden by showing the *nonmoving* party-plaintiff could not prove causation due to a lack of expert testimony).

### B.  DISCUSSION

The substantive law of Alabama applies to this premises liability action.  "To establish negligence in a premises-liability case under Alabama law, [a plaintiff] must establish 'duty, breach of duty, cause in fact, proximate or legal cause, and damages.'" *Giles v. Winn-Dixie*

3

*Montgomery*, LLC, 574 F. App'x 892, 894 (11th Cir. 2014) (quoting *Ex parte Harold L. Martin Distrib. Co., Inc.*, 769 So. 2d 313, 314 (Ala. 2000)).

It is undisputed Plaintiff was an invitee at the time of her fall.  A premises owner has a duty to invitees to exercise reasonable care in maintaining the premises in a reasonably safe condition.  *Bishop v. South*, 642 So. 2d 442, 445 (Ala. 1994) (citing *Mann v. Smith*, 561 So. 2d 1112, 1113 (Ala. 1990); *Collier v. Necaise*, 522 So. 2d 275 (Ala. 1988); and *Quillen v. Quillen*, 388 So. 2d 985, 989 (Ala. 1980).  However, "the owner of a premises . . . is not an insurer of the safety of his invitees and the principle of *res ipsa loquitur* is not applicable."  *Ex parte Harold L. Martin Distrib. Co., Inc.*, 769 So. 2d 313, 314 (Ala. 2000) (quoting *Tice v. Tice*, 361 So.2d 1051, 1052 (Ala. 1978)).  "There is no presumption of negligence which arises from the mere fact of an injury to an invitee."  *Id.*  "The burden rests upon the plaintiff to show that the injury was proximately caused by the negligence of the storekeeper or one of his servants or employees."  *Cox v. Western Supermarkets, Inc.*, 557 So. 2d 831, 832 (Ala. 1989) (quoting *Richardson v. Kroger Co.*, 521 So. 2d 934, 935 – 36 (Ala. 1988)).

Plaintiff must prove she was injured as a result of a dangerous condition on the premises.  *See, e.g., Manning v. Tractor Supply Co.*, 2015 U.S. Dist. LEXIS 46370, *9 (S.D. Ala. April 9, 2015), *Iguess v. Hyundai Mfg., Ala.*, LLC, 2014 U.S. Dist. LEXIS 54673, *8 – 9 (M.D. Ala. April 21, 2014).  In Alabama, "that 'a plaintiff in a premises-liability action must present evidence that the condition of which it complains is defective' is well settled..." *Burlington Coat Factory of Alabama v. Butler*, 156 So. 2d 963, 970 (Ala. Civ. App. 2014) (quoting *Miller v. Liberty Park Joint Venture, LLC*, 84 So. 3d 88, 93 (Ala. Civ. App. 2011).  *See also Logan v. Winn-Dixie Atlanta, Inc.*, 594 So. 2d 83, 84 (Ala. 1992) (a plaintiff must prove the fall "resulted from a defect or instrumentality

4

located on the premises, that the fall was a result of the defendants' negligence, and that the defendants had or should have had notice of the defect or instrumentality before the accident.") (citing *Tice*, 361 So. 2d at 1052).

Defendants argue Plaintiff cannot prove the existence of a "dangerous condition."[1] Specifically, they argue Plaintiff has failed to produce sufficient evidence that the subject tile constituted a dangerous or defective condition, which is necessary to create a triable issue of fact on that essential element of her claim.  In response, Plaintiff proffers the testimony of Dr. Ian Noy and an affidavit of John Shepherd.  Both Noy and Shepherd opine the subject tile constituted a hazardous condition.  Defendants move to exclude Noy's testimony and argue Shepherd's affidavit should be disregarded as conclusory.

Plaintiff proffers Noy as an expert in "human factors and ergonomics."  (Doc. 54).  Plaintiff retained Noy "to opine on the human factors contributions" to her injuries.  (*Id.*).  Noy opines the tile was a hazard "because it violated the industry best practice standard set forth in ASTM F-1637."  (*Id.* and Doc. 53-5).  Noy's opinion is tied to that standard.  The standard mandates walkways be maintained as "flush and even to the extent possible."  (*Id.*).

Noy acknowledges if a walkway is "as flush and even as possible," the standard allows for up to a one quarter inch (1/4") change in elevation.  It is undisputed the subject walkway had no variation in elevation greater than a 1/4".  However, Noy contends the subject tile nevertheless violated the standard because the 1/4" allowance applies only if the walkway is as "flush and

---

[1] The Court understands Defendants' Motion for Summary Judgment to advance only this single argument. Defendants do not contend they lacked notice of a dangerous condition or that the condition is "natural" as argued in *Harrelson v. Sam's West, Inc.*, 2021 U.S. Dist. LEXIS 170954 (S.D. Ala. Sept. 9, 2021).

even to the extent possible." Noy opines the subject tile was not as "flush and even to the extent possible," and therefore should have been "repaired." (*Id.*).

Noy acknowledges "flush and even to the extent possible" is a *structural* determination. He testified, "if it's physically possible to make the floor flush and even, it should be done. If there was any structural or functional reason why there needs to be a change in elevation, then it has to be as small as possible." (Doc. 50-6). However, Noy is not proffered as a structural expert. Furthermore, he never visited the Hobby Lobby store where Plaintiff fell. He has no knowledge of the construction of the floor or its substrate. He does not know what caused the depression in the subject tile, or when or how it developed. His opinion, though, that the floor should have been "repaired" and that the 1/4" depression allowance is inapplicable is based on his belief that the floor was not "flush and even to the extent possible." This belief is mere unsupported "*ipse dixit*."

Noy is unqualified to opine the floor was not "flush and even to the extent possible." Therefore, he cannot opine the standard 1/4" depression allowance is inapplicable. Noy's opinion that "the depressed surface was a foreseeable hazard because it violated the industry best practice standard set forth in ASTM F-1637" is not permissible. (*Id.* and Doc. 53-5). For the same reasons, Noy shall not be permitted to opine the tile should have been identified and repaired.

Plaintiff also offers an affidavit of John R. Sheppard as evidence that the tile constituted a hazardous condition. (Doc. 53-6). Defendants argue Shepard's affidavit is "conclusory" and cannot defeat summary judgment. (Doc. 55). The Court agrees, and finds Shepherd's opinion suffers the same fatal defects as Noy's. Shepherd would opine the "uneven surface in the floor

6

. . . constitutes a fall hazard," and that "not only should the tile be replaced but underneath the tile should have been replaced." (Doc. 53-6).

Like Noy, Shepherd is not proffered as a structural expert. He worked 40 years in the "retail store industry," with 20 years at Walmart and 21 years at Delchamps grocery stores. (*Id.*). He has experience relating to "floor safety, customer safety, and injury prevention." (*Id.*). However, he has no construction or structural expertise or experience. Neither does the record indicate he ever visited the Hobby Lobby store where Plaintiff fell. He has no knowledge of the construction of the floor or its "underneath" substrate, or whether or how it might be "replaced." He has no knowledge of what caused the depression, or when or how it developed.

The Court concludes Shepherd is unqualified to opine the subject tile or its "underneath" should have been replaced. That, and his opinion the "uneven surface in the floor . . . constitutes a fall hazard" are a mere conclusory statements that cannot satisfy Plaintiff's burden to produce sufficient evidence of an "unreasonably" dangerous condition or hazard under Alabama law. His conclusory opinion is not based on any methodology. It has no discernable basis whatever, and would be unhelpful to a jury.

Finally, the Court finds Plaintiff's reliance on *Harrelson v. Sam's West, Inc.*, 2021 U.S. Dist. LEXIS 170954 (S.D. Ala. Sept. 9, 2021) to be misplaced. Plaintiff misapplies statements in regarding the parties' respective burdens under Rule 56. Plaintiff argues, "[b]ecause the defendants do not point to materials in the file demonstrating that the plaintiff cannot produce evidence of a defect, they must 'put on evidence affirmatively negating' the existence of a defect." (Doc. 53). It is a correct that "[w]hen the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it 'must

support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial.'" *Four Parcels of Real Property*, 941 F.2d at 1438 (emphasis in original).

However, Defendants do not have the burden at trial to prove the existence of a defect. Plaintiff, the *nonmoving* party, bears that burden. "When the *nonmoving* party has the burden of proof at trial, **the moving party is not required to 'support its motion with affidavits or other similar material *negating* the opponent's claim**,'" to discharge its initial responsibility under Rule 56. *Four Parcels of Real Property*, 941 F.2d at 1437 – 1438 (emphasis added). "Instead, the moving party simply may "'show[]' -- that is, point[] out to the district court -- that there is an absence of evidence to support the nonmoving party's case.'" *Id.* at 1438. "**Alternatively**, the moving party may support its motion for summary judgment with affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *Id.* A moving party may use "either method." *Id.* (emphasis added).

The Court conclude Defendants have shown, "'that is, [have' point[ed] out , . . . that there is an absence of evidence to support the nonmoving party's [Plaintiff's] case.'" *Id.*   Therefore, "the burden on summary judgment shifts to the nonmoving party [Plaintiff], who must show that a genuine issue remains for trial." *Id.* (citing Fed.R.Civ.P. 56 and *Chanel, Inc. v. Italian Activewear, Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991)). "If the nonmoving party fails to 'make a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Four Parcels of Real Property*, 941 F.2d at 1438. Plaintiff, as the nonmoving party bearing the burden of proof at trial, has failed to make the required showing. Defendants are entitled to judgment as a matter of law.

For the reasons set out in Defendants' filings, and as Plaintiff has failed to produce sufficient evidence of an unreasonably dangerous or defective condition, her claims for wantonness and negligent/wanton hiring, training, supervision or retention also fail as a matter of law.

## CONCLUSION

Plaintiff has failed to show a genuine factual issue that the tile constituted a dangerous of defective condition necessary to impose liability under Alabama law.  For the reasons stated herein, and those set out in Defendants' filings and at oral argument, Defendants' Motion for Summary Judgment (Doc. 50) and Motion to Exclude Noy (Doc. 51) are **GRANTED**.

**DONE and ORDERED** this 17th day of April, 2026.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE

9